IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50944
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LETICIA AVILA,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-97-CR-272-ALL-DB
- - - - - - - - - - -
August 5, 1998
Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

A jury convicted Leticia Avila of converting to her own use
funds which came into her possession in the execution of her
employment by the Government, in violation of 18 U.S.C. § 654.
The district court sentenced her to a four-year term of probation
and ordered her to pay restitution in the amount of $5,211.75.
Avila timely filed notice of appeal. We affirm.

Avila is not entitled to relief on the ground that the
Government did not reveal to her the full results of a polygraph

_____

[*] Under 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

examination of Linda Coppock, a government witness. The Government revealed the fact that Coppock admittedly understated the amount of money Coppock had stolen, and Avila has not suggested how the Government's failure to provide more may have denied her a fair trial or undermined confidence in the jury's verdict. See Kyles v. Whitley, 514 U.S. 419, 434 (1995).

Avila contends that her conviction should be reversed because the district court allowed the jury to hear Coppock's testimony that Avila's husband gave Coppock advice concerning a shortage of money in a government fund of which Coppock was the custodian. The district court sustained the defense's hearsay objection and directed the jury to disregard it, but the court denied a mistrial. Avila is not entitled to relief because the testimony would have been admissible as evidence of instructions which Mr. Avila gave to Coppock. See United States v. Reilly, 33 F.3d 1396, 1410 (3d Cir. 1994); United States v. Cantu, 876 F.2d 1134, 1137 (5th Cir. 1989).

Avila seeks relief on the ground that the jury charge constructively amended the indictment, allowing the jury to find her guilty of embezzlement under § 654 while the second count of the indictment alleged only that she had converted funds. Because Avila did not lodge an adequate objection in the district court, we review her claim for plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). Avila is not entitled to relief; her substantial rights were not

affected.  Id.  It is evident from the record that any
shortcomings in the district court's instructions did not have
any bearing on the jury's decision to convict Avila of conversion
of funds.  The court instructed the jury that in order for the
government to sustain a conviction under Count II of the
indictment, the government was required to prove that "the
defendant embezzled or wrongfully converted the money of another
to her own use."  Even though Count II of the indictment charged
Avila only with conversion, the discrepancy between the
indictment and the instruction was inconsequential.  Indeed, by
incorporating the term "embezzlement" in the instruction, the
court added an element that the Government was required to prove,
namely that "the money or property has lawfully come within the
possession or control of the person taking it."  If anything, the
district court's instruction on embezzlement with respect to
Count II heightened the Government's burden.  See United States
v. Sayklay, 542 F.2d 942, 944 (5th Cir. 1976)(holding that
embezzlement is a peculiar form of conversion) and United States
v. Harmon, 339 F.2d 354, 357 (6th Cir. 1964)(holding that the
crime of conversion has wider application than the crime of
embezzlement).  Avila, therefore, could not have suffered
prejudice.

Finally, Avila argues that the evidence marshaled against
her was so insufficient that the affirmance of her conviction
would constitute a miscarriage of justice.  The evidence,

however, viewed in the light most favorable to the Government, fully supports the jury's verdict.  See <u>United States v. Ruiz</u>, 860 F.2d 615, 617 (5th Cir. 1988).

AFFIRMED.